UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW SCOTT MITCHELL, <br> Plaintiff, <br> v. <br> KAMALA HARRIS, et al., <br> Defendants. | Case No. 15-cv-05122-JD <br><br> **ORDER RE MOTIONS TO DISMISS** <br> Re: Dkt. Nos. 51, 53, 54 |

Defendants in this case -- the United States Attorney General, California Attorney General, and Alameda County Sheriff -- have separately moved to dismiss plaintiff Matthew Scott Mitchell's first amended complaint. Dkt. Nos. 51, 53, 54. Plaintiff's amended complaint asserts four claims. He alleges against the United States Attorney General that 18 U.S.C. § 922(g)(8) is (1) unconstitutional as applied to plaintiff and (2) unconstitutionally overbroad; and against the California Attorney General and Alameda Sheriff that California Family Code § 3044 is (3) unconstitutional as applied to plaintiff and (4) unconstitutionally overbroad. Dkt. No. 47.

The first and second claims challenging 18 U.S.C. § 922(g)(8) are dismissed for lack of a justiciable case or controversy, which Article III of the United States Constitution demands as a predicate to federal court jurisdiction. Plaintiff alleges that 18 U.S.C. § 922(g)(8) unconstitutionally bars him from possessing a firearm on the basis of the domestic violence protective order that was issued against him and in favor of his ex-wife by the Contra Costa Superior Court. But as plaintiff has acknowledged, he was subsequently convicted in May 2016 for a violation of California Penal Code § 417(a)(1), for exhibiting a deadly weapon. Dkt. Nos. 46, 55.[1] The conviction now appears to be final, as indicated by the federal defendant's

---

[1] The Court grants the California Attorney General's unopposed request for judicial notice, Dkt. No. 52, which includes documents going to plaintiff's Penal Code § 417(a)(1) conviction.

submission, Dkt. No. 63, without objection by plaintiff. This conviction separately and independently "prohibits plaintiff from possessing firearms in California" under California Penal Code § 29805. Dkt. No. 55 at 9. As the federal defendant correctly states, this means that plaintiff is barred from possessing a firearm regardless of the constitutionality *vel non* of 18 U.S.C. § 922(g)(8), whether considered as applied or otherwise. Dkt. No. 53 at 6.

Consequently, the challenges to 18 U.S.C. § 922(g)(8) do not raise an actual case or controversy for the Court to resolve at this time. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 107 (1998) ("Relief that does not remedy the injury suffered cannot bootstrap a plaintiff into federal court; that is the very essence of the redressability requirement."); *Gonzales v. Gorsuch*, 688 F.2d 1263, 1267 (9th Cir. 1982) ("The focus . . . is always upon the ability of the court to redress the injury suffered by the plaintiff; . . . if the court is unable to grant the relief that relates to the harm, the plaintiff lacks standing.") (citations omitted).

Plaintiff suggests that his claims nevertheless should proceed because he might move to another state where he could escape the ban under California law and maintain the Section 922(g)(8) challenges. That speculative possibility does not create Article III jurisdiction here. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 (1992) ("'[S]ome day' intentions -- without any description of concrete plans, or indeed even any specification of *when* the some day will be -- do not support a finding of the 'actual or imminent' injury that our cases require.") (emphasis in original). In addition, he does not say when he will move or to which state, and he also insists that he "greatly desires the[] custody and companionship" of his children, who appear to reside in California. Dkt. No. 47 ¶ 23; Dkt. No. 52-1.

The third and fourth claims against the California Attorney General and the Alameda County Sheriff challenging the constitutionality of California Family Code § 3044 are also dismissed. As Section 3044 provides, "Upon a finding by the court that a party seeking custody of a child has perpetrated domestic violence within the previous five years against the other party seeking custody of the child, . . . , there is a rebuttable presumption that an award of sole or joint physical or legal custody of a child to a person who has perpetrated domestic violence is detrimental to the best interests of the child." This presumption may be "rebutted by a

2

preponderance of the evidence." Cal. Family Code § 3044(a). Plaintiff says that this section and the presumption it establishes, unlawfully infringes his "fundamental right to the care, custody, and control of his children as recognized by the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States." Dkt. No. 47 ¶ 31.

Plaintiff's only allegation of injury is that he "has been deprived of the ability to live and spend time with [his children] since joint custody of them was taken away by the family court. The custody award was based on the court's finding that plaintiff did not rebut the presumption provided by Family Code section 3044. But for the presumption created by Family Code section 3044, plaintiff can demonstrate he is a caring and fit parent who should be permitted joint custody of his children." Dkt. No. 47 ¶ 23. This lays bare the fact that plaintiff's Family Code claims present a child custody dispute, which is outside the jurisdiction of the federal courts. *See Coats v. Woods*, 819 F.2d 236, 237 (9th Cir. 1987) ("This case, while raising constitutional issues, is at its core a child custody dispute. . . . If the constitutional claims in the case have independent merit, the state courts are competent to hear them.").

While that is enough to warrant dismissal, plaintiff also failed to adequately allege and establish the redressability element of Article III standing for these claims as well, given that all that the challenged Family Code section does is establish a mere presumption, which plaintiff could have rebutted (but did not). The Court need not take as true plaintiff's conclusory allegation that but for this presumption, he "can demonstrate he is a caring and fit parent who should be permitted joint custody of his children," Dkt. No. 47 ¶ 23, especially when that allegation is flatly contradicted by the judicially noticed state court records. *See*, *e.g.*, Dkt. Nos. 52-1, 52-2. Plaintiff has further failed to state a claim against the California Attorney General and the Alameda County Sheriff for this allegedly unconstitutional California Family Code presumption, which a is deficiency the Court noted previously. Dkt. No. 38.

Defendants' motions are granted, and the first amended complaint is dismissed. The Court declines to give plaintiff yet another opportunity to amend his complaint because he has failed to fix deficiencies the Court identified previously and it does not appear likely he can do so. *See Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989); *Chodos v. West*

3

1  *Publishing Co.*, 292 F.3d 992, 1003 (9th Cir. 2002).  The complaint is dismissed without
2  prejudice, *see In re Hall, Bayoutree Assocs., Ltd.*, 939 F.2d 802, 804 (9th Cir. 1991), and the Clerk
3  will close the case.

**IT IS SO ORDERED.**

Dated: March 11, 2019

JAMES DONATO
United States District Judge